UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DANA PIKE, Individually and as Personal Representative of the Estate of Charles F. Pike, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | 1:04-cv-0391-JDT-TAB |
| DECATUR MEMORIAL HOSPITAL, NATIONAL EMERGENCY SERVICES, INC., NES INDIANA, INC. and DAVID L. ANGEL, M.D., | ) ) ) ) ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION ON**
**DEFENDANT DAVID ANGEL'S MOTION TO DISMISS**
**AND PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

**I.    Background.**

On January 29, 2004, Plaintiff Dana Pike, individually and as a personal representative of

the Estate of Charles F. Pike, filed a medical malpractice action against Defendants Decatur

Memorial Hospital, National Emergency Services, Inc., NES Indiana, Inc., and Dr. David L.

Angel in the Marion Superior Court.[1]  On February 27, 2004, Defendant Decatur Memorial

Hospital removed this action to the United States District Court.  On May 21, 2004, the Court

granted Decatur's request to stay all proceedings pending a decision by a medical review panel

in accordance with the Indiana Medical Malpractice Act.

---

[1]For the purposes of this order, "Pike" refers to Dana Pike and "NES" refers to National
Emergency Services, Inc. and NES Indiana, collectively.

At the time of the initial filing on January 29, 2004, Pike attempted to serve Angel through certified mail.  This summons was returned on February 7, 2004, and it indicated that Angel had moved.  Pike made no further attempts to serve Angel.  Angel, in fact, had moved to San Jose, California, and died while in residence there on November 10, 2002.  Pike did not learn of Angel's death until after counsel for Angel filed a motion to dismiss on January 12, 2005.[2]  Angel's motion to dismiss asserts that Pike's action against Angel should be dismissed because service was not perfected on Angel within 120 days after the case was removed to this Court, pursuant to Fed. R. Civ. P. 4(m).

On March 1, 2005, the Johnson Superior Court granted Pike's petition to appoint Tim Doyle as the special administrator of Angel's estate for the limited purposes of receiving service of process and defending the claims against Angel.  On March 4, 2005, Pike filed a motion for leave to file an amended complaint to substitute Doyle as the real party in interest.  Pike contends that Doyle can be joined under Rule 17, and that this otherwise untimely claim will not be barred because it relates back to the original date of pleading under Fed. R. Civ. P. 15(c).


**II.      Standard of Review.**

A Rule 12(b)(5) motion to dismiss asks the Court to determine whether there has been sufficient service of process on the defendant.  <u>See</u> Fed. R. Civ. P. 12(b)(5).  Where there has been insufficient process, the Court does not have personal jurisdiction over a defendant. <u>Robinson v. Turner,</u> 886 F. Supp. 1460, 1462 (S.D. Ind. 1995), (<u>citing</u> <u>Rabiolo v. Weinstein,</u> 357

---

[2]This motion to dismiss requests only that the Court dismiss with prejudice Pike's cause of action against Angel for failure to timely effect service.  It does not seek to dismiss claims against Decatur and NES.  [Docket No. 20, p. 3].

F.2d 167, 168 (7th Cir. 1966)).  Thus, motions pursuant to Rule 12(b)(5) and Rule 12(b)(2) (a

motion to dismiss for lack of personal jurisdiction) are interrelated, and the standards are the

same for both motions.  McDaniel v. North American Indem., 2003 WL 21180638, at *2 (S.D.

Ind.).

      In determining whether the Plaintiff has properly served the Defendant, the facts are

viewed in a light most favorable to Pike, the non-moving party.  McDaniel, 2003 WL 21180638,

at *2, citing RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1275 (7th Cir. 1997) (discussing

personal jurisdiction).  The Court may consider affidavits and other documentary evidence.

Wasendorf v. DBH Brokerhaus AG, No. 04 C 1904, slip op. at 2 (N.D. Ill. Dec. 13, 2004),

(citing Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 782-83 (7th Cir.

2003) (discussing personal jurisdiction)).  The burden of demonstrating that Angel has been

properly served rests with Pike.  Id.

**III.  Discussion.**

      The Court is asked to resolve two related motions: Angel's motion to dismiss and Pike's

motion for leave to file an amended complaint.  As a favorable ruling on one would be fatal to

the other, the Court rules on them jointly.

      The parties agree that Pike did not perfect service of process on Angel within the 120-day

period designated by Rule 4(m).  The dispute centers on whether Angel's death constitutes good

cause for an extension of this deadline so as to serve the real party in interest, or alternatively

whether Pike's failure to timely serve Angel requires the dismissal of the case against him.

      Pike correctly asserts that Rule 17(a) controls the substitution of the real party in interest

when a transfer of interest occurs prior to the filing.  [Docket No. 40, p. 1] (citing FDIC v.

Deglau, 207 F.3d 153, 159 (3d. Cir. 2000)).[3]  An action cannot be dismissed because it was not originally brought in the name of the real party in interest, but the Court may dismiss a case if it gave the Plaintiff reasonable time to ratify the action.  Fed. R. Civ. P. 17(a).  If a transfer of interest occurs prior to filing, Rule 17(a) thus allows for the proper party to be joined within a reasonable amount of time.  Deglau, 207 F.3d at 159.

Pike seeks to join Doyle as the proper party in interest by amending his complaint according to Rule 15(c).  Angel contends that amending the complaint to name Doyle as a defendant would be futile because the statute of limitations has expired.  [Docket No. 42, p. 7].  Thus, to avoid the statute of limitations, Pike must show that the amendment relates back to the date of the original claim.  See Fed. R. Civ. P. 15(c).  An amendment will relate back, upon reasonable notice, if it corrects a misidentification of a party and the claim is asserted within the period of Rule 4(m) for summons and complaint.  Fed. R. Civ. P. 15(c).  Because Pike has failed to serve Doyle within the 4(m) period, he contends that the Court should permit an extension of time for either good cause or excusable neglect.  [Docket No. 40, p. 7].

## A.    Good Cause Extension.[4]

Pike argues that an extension should be granted for good cause because there was no

---

[3]Pike acknowledges that he is barred from substituting Doyle for Angel under Rule 25(a), as Rule 25(a) applies only to parties who have died subsequent to the initiation of an action. [Docket No. 40, p.1].

[4]Pike does not contest Angel's assertion that, because the Court lacks personal jurisdiction over Angel, the stay issued on May 21, 2004 "has no effect on the 120-day time limitation for service on Dr. Angel." [Docket No. 21, p. 10].  Therefore, the Court does not address this as a potential justification for failure to serve process.

legal entity to serve within the 4(m) period, and thus service was impossible.[5]  [Docket No. 25, p. 11]. The Court has two possible avenues for granting an extension of the 4(m) period: justifiable delay and excusable neglect.  Coleman v. Milwaukee Board of School Directors, 290 F.3d 932, 934 (7th Cir. 2002).  Angel contends that Pike has not met his burden in either respect, and thus Pike's case against Angel warrants dismissal without prejudice.  [Docket No. 21, p. 5] (citing Id.; citing Geiger v. Allen, 850 F.2d 330, 333 (7th Cir. 1988)).

If the Plaintiff can show justifiable delay, the Court must grant an extension for service.  Fed. R. Civ. P. 4(m).  The threshold requirement for a justifiable delay extension is good cause.  Tso v. Delaney, 969 F.2d 373, 377 (7th Cir. 1992).  Pike's contention that service on Angel was impossible because there was no legal entity to serve does not constitute a valid explanation for the failure to serve process.  It was Pike's obligation, as the Plaintiff, to find alternative methods of locating and serving the Defendant after the failed attempt by certified mail.  Geiger, 850 F.2d at 333.  Pike relies on the Court's ability to consider such factors as the tolling of the statute of limitations and the lack of prejudice to Angel.  Tso, 969 F.2d at 376-77.  These factors, however, cannot provide good cause without some showing of reasonable diligence.  Id. at 377.  Pike made only one attempt at service, which was by mail.  Such minimalist efforts cannot provide the foundation for good cause.  On the contrary, courts have not been satisfied with multiple

---

[5]Pike relies on three cases, the facts of which differ in important ways from the present case, in arguing that an amendment will relate back if a court grants a 4(m) extension.  In both Worthington v. Wilson, 790 F. Supp. 829, 833 (C.D. Ill. 1992), and Skoczylas v. Federal Bureau of Prisons, 961 F.2d 543, 545 (5th Cir. 1992), the defendant did, in fact, have notice within the 4(m) period.  Similarly, in Heiser v. Association of Apartment Owners of Polo Beach Club, 848 F. Supp. 1482, 1487 (D. Hawaii 1993), the court had granted a 90-day extension of the Rule 4(m) time allotment for good cause, and the defendants were actually served prior to the expiration of this period.

attempts at mail service, even when coupled with the use of private investigators.  Bachenski v. Malnati, 11 F.3d 1371, 1376 (7th Cir. 1993).  Therefore, Pike does not meet his burden of showing a good cause justification for extending the time specifications of Rule 4(m).

**B.**     **Excusable Neglect Extension.**

If the Plaintiff cannot show good cause, the Court may also grant an extension for excusable neglect.  Coleman, 290 F.3d at 934.  In deciding whether excusable neglect exists, the Court weighs factors such as the statute of limitations, prejudice to the defendant, actual notice, and eventual service.  Troxell v. Fedders of North America, Inc., 160 F.3d 381, 382 (7th Cir. 1998).  In this instance, the statute of limitations has run, rendering a dismissal without prejudice fatal to the claim, and the Defendant has not shown that an extension would harm his ability to defend the suit.  Indeed, construing the facts in favor of Pike, Angel's estate might have had actual notice through his malpractice carrier of the claims against him, as NES and Angel share the same malpractice carrier.  [Docket No. 40, p. 7].

Pike, however, has yet to offer an excuse for his failure to serve Angel between the date that the summons was returned and almost a year later when he became aware of Angel's death. Other district courts in the Seventh Circuit have included the underlying reason for failure to serve in their evaluation of the "balance of harms."  See, e.g., Vazquez v. Central States Joint Bd., 2005 WL 910815, at *4-5 (N.D. Ill. Jan. 25, 2005) (plaintiff legally mischaracterized defendant, thereby believing that service had been properly effected when, in fact, it had not); Giallanza v. Intercontinental Hotels Group, Inc., 2004 WL 1574227, at *1 (N.D. Ill. 2004) (plaintiff believed that she was complying with proper service procedures and that her complaint had been received by defendants); Porche v. Oden, 2003 WL 21799967, at *2 (N.D. Ill. 2003)

(Pro se plaintiffs "did at least make some effort to serve the eight defendants in a manner they believed to be appropriate."). Pike provides no such excuse for the Court to analyze. Further, there was no eventual service in this case, nor was there an attempt to perfect service on Angel either during or after the 4(m) period. Troxell, 160 F.3d at 382. The ineluctable truth is that Pike attempted service one time on Angel and the mail was returned unserved. Pike seemingly gave this issue no further thought until confronted with Angel's motion to dismiss. The Court cannot in good conscience find this conduct establishes excusable neglect.

Even if the Court found that Pike met the criteria for an extension of time in which to effect service under Rule 4(m), the lack of notice to Doyle would bar the amendment. Pike claims that "substitution of the decedent's personal representative will defeat dismissal of the action." [Docket No. 40, p. 2]. However, Pike relies on two cases in support of this claim, which are factually distinguishable from this case. In the first of these cases, Loudenslager v. Teeple, 466 F.2d 249, 250 (3rd Cir. 1972), the court held that relation back was permissible because the plaintiff had served the defendant prior to the expiration of the statute of limitations and within the time period allowed by Rule 4(m). By contrast, Pike did not serve Angel within this time, nor did he move for an extension of time within which to locate and serve Angel during the time allotted by Rule 4(m). Additionally, because the personal representative of the decedent in Loudenslager had signed for the summons, the court ruled that he knew or should have known that, but for a mistake of identity, the action would have been brought against him. Id. In this case, Doyle had no actual knowledge that he would be defending a lawsuit.[6]

---

[6] Doyle was appointed as special administrator of Angel's estate for the purposes of receiving service of process and defending the action on March 1, 2005. [Docket No. 41, p. 2]. Prior to this date, no estate administrator had been named for Angel.

Pike's reliance on <u>Malmose v. Estate of Aljoe</u>, 92 F.R.D. 490, 491 (W.D. Pa. 1981), is similarly misplaced.  The <u>Malmose</u> court permitted a substitution of the real party in interest and allowed this amendment to relate back only after determining that there was sufficient notice to that party.  <u>Id.</u>  In weighing whether there was sufficient notice, the court took into account the fact that the real party in interest had been involved in the litigation since its outset, had filed an answer, conducted discovery, prepared its defense, and was therefore fully aware that but for a mistake of identity, he would have been named as a defendant.  <u>Id.</u>  No such notice existed in this case; Doyle's appointment as special administrator occurred more than a year after Pike filed his complaint against Angel, and Doyle was hence not involved in the ongoing litigation.  [Docket No. 41, p. 2].  Additionally, Pike's failure to perfect service was not a result of him serving the <u>improper</u> Defendant; he failed to perfect service on either Angel <u>or</u> Doyle.  In contrast, the <u>Malmose</u> plaintiff served the party that he believed to be the real party in interest.  <u>Id</u>. at 491.  Even construing facts most favorably to Pike by assuming that Angel's estate might have known of the lawsuit through his malpractice carrier, this falls far short of the notice needed in <u>Loudenslager</u> and <u>Malmose</u>.  [Docket No. 40, p. 7].  This lack of notice to Doyle bars Pike's untimely proposed amendment, and Angel's motion to dismiss should be granted.[7]

---

[7]Pike also relies on cases decided in Indiana state courts to resist dismissal, but his basic premise – that this case may "purport to apply the substantive law of Indiana" – is inherently flawed.  [Docket No. 40, p. 3].  As Angel correctly notes, "State law is not controlling on the question of whether an amendment is permissible under Rule 15."  [Docket No. 47, p. 6] (<u>citing</u> <u>Loudenslager</u>, 466 F.2d at 250).  Further, this case was removed to federal court on the basis of federal question jurisdiction rather than diversity jurisdiction, [Docket No. 20, p. 2], but even in diversity cases, the federal rule generally determines whether an amendment will relate back to a filing.  <u>Rae v. Klusak</u>, 810 F. Supp. 983, 984 (N.D. Ill. 1993).

**IV.     Conclusion.**

For the reasons stated above, the Magistrate Judge recommends that Angel's motion to dismiss for insufficiency of service of process [Docket No. 20] be GRANTED, and that Pike's motion for leave to file amended complaint to substitute the real party in interest [Docket No. 41] be DENIED.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1), and failure to file timely objections within ten days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

So ordered.  DATED:  08/26/2005

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

-9-

Copies to:

Robert Daniel Craven
ECKERT CRAVEN, P.C.
dcraven@eckertcraven.com

Norris Cunningham
HALL, RENDER, KILLIAN, HEATH & LYMAN
ncunningham@hallrender.com

Kathryn Elias Cordell
HALL, RENDER, KILLIAN, HEATH & LYMAN
kelias@hallrender.com

D. Andrew Spalding
MAY OBERFELL LORBER
dspalding@maylorber.com