UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANA PIKE, Individually and as Personal Representative of the Estate of Charles F. Pike, Deceased, <br><br> Plaintiff, <br><br> vs. <br><br> DECATUR MEMORIAL HOSPITAL, NATIONAL EMERGENCY SERVICES, INC., NES INDIANA, INC. and DAVID L. ANGEL, M.D., <br><br> Defendants. | 1:04-cv-0391-JDT-TAB |

**Entry Adopting Report and Recommendation (Docket No. 60)**[1]

Magistrate Judge Tim A. Baker submitted his Report and Recommendation ("R&R"), and the parties were afforded due opportunity pursuant to statute and the rules of this court to file objections. The Plaintiff filed objections, and the Defendant has responded. A familiarity with the R&R is presumed. The court, having considered the R&R and the objections thereto, now approves and adopts the R&R.

The Plaintiff first objects to the findings that "Pike's contention that service on Angel was impossible because there was no legal entity to serve does not constitute a valid explanation for the failure to serve process" and "Pike does not meet his burden of showing a good cause justification for extending the time specifications of Rule 4(m)." (R&R at 5, 6.) She admits, however, that she made only one attempt to serve Angel.

---

[1] This Entry is a matter of public record and will be made available on the court's web site. However, the discussion contained herein is not sufficiently novel to justify commercial publication.

She argues that any further attempt would have been futile since Angel had died. The Plaintiff confuses the concepts of futility and "good cause" and seeks to benefit from the fortuity that Angel just happened to be dead when she attempted service on one single occasion. She contends that Angel's death and the absence of a represented estate upon which to serve process were circumstances beyond her control. While the death certainly was beyond her control, had the Plaintiff made additional attempts to serve Angel as opposed to doing nothing, she may have been able to establish the necessary reasonable diligence and good cause. But she did nothing for almost one year—and not until after the motion to dismiss was filed.

The Defendant is correct in arguing that the Plaintiff's actions expose the weakness of her position. The Plaintiff admits that upon learning of Angel's death, she caused an estate to be opened for the limited purpose of receiving service of process and defending her lawsuit. She offers no valid explanation as to why she could not have done this at an earlier time. Had she exercised reasonable diligence, she may have learned of Angel's death at an earlier time and would have been in a position to cause the opening of the estate then. The Plaintiff certainly acted quickly once she learned of Angel's death: the motion to dismiss was filed on January 12, 2005, and the Plaintiff's petition to appoint a special administrator for Angel's estate was granted on March 1, 2005. Thus, the Plaintiff filed her petition at some point in between those two dates. In the end, the Plaintiff does not articulate any reason why she could not have

caused an estate to be opened long before it was had she acted diligently to rather than doing nothing.[2]

The Plaintiff next objects to the findings that "Even if the Court found that Pike met the criteria for an extension of time in which to effect service under Rule 4(m), the lack of notice to Doyle would bar the amendment" and "This lack of notice to Doyle bars Pike's untimely proposed amendment, and Angel's motion to dismiss should be granted."  (R&R at 7, 8.)  These objections concern relation back of the Plaintiff's proposed amended complaint.  Before the court reaches the question of relation back, however, it first must find good cause to extend the time period for service.  As stated, the Plaintiff still has not shown good cause for an extension.

Finally, the Plaintiff objects to the Magistrate Judge's recommendation that "Angel's motion to dismiss for insufficiency of process [Docket No. 20] be GRANTED, and that Pike's motion for leave to file amended complaint to substitute the real party in interest [Docket No. 41] be DENIED."  (R&R at 9.)  These objections stand or fall with the earlier objections.  Because the court has overruled the earlier objections, it follows that these objections must be overruled.

Therefore, the court finds that Magistrate Judge Baker's R&R on Angel's motion to dismiss and Plaintiff's motion for leave to amend complaint should be approved and adopted.  Accordingly, Defendant David L. Angel, Jr., M.D.'s motion to dismiss (Docket

---

[2] Thus, while the absence of a represented estate may have been beyond the Plaintiff's control for a time, she has shown that her actions could have set into motion a chain of events that could have shortened that time considerably.

No. 20) is **granted**, and Angel will be dismissed from this action.  Plaintiff Dana Pike's motion for leave to amend (Docket No. 41) is **denied**.

There being no just reason for delay, pursuant to Rule 54(b), the court directs the entry of an order of dismissal of Defendant Angel.

ALL OF WHICH IS ENTERED this 24th day of October 2005.

                John Daniel Tinder, Judge
                United States District Court

Copies to:

Robert Daniel Craven
Eckert Craven, P.C.
dcraven@eckertcraven.com

Norris Cunningham
Hall, Render, Killian, Heath & Lyman
ncunningham@hallrender.com

Kathryn Elias Cordell
Hall, Render, Killian, Heath & Lyman
kelias@hallrender.com

D. Andrew Spalding
May Oberfell Lorber
dspalding@maylorber.com

Magistrate Judge Tim A. Baker